**CORPUS CHRISTI BOOK & STATIONERY
CO. v. CORPUS CHRISTI NAT. BANK.\***
(No. 8106.)

Court of Civil Appeals of Texas. San Antonio.
July 27, 1928.

1. Appeal and error ⚖═755—On appeal in in-
junction cases, neither party is required to
file briefs.

On appeal in injunction cases, neither party
is required to file briefs, but courts are appreci-
ative when briefs are filed.

2. Injunction ⚖═5—Mandatory injunction held
not proper remedy to recover possession of
property held over by solvent tenant, without
allegation showing irreparable injury (Rev. St.
1925, art. 4642).

Where landlord sought to recover possession
of property by means of mandatory injunction,
on sworn allegation that tenant was holding over
after expiration of lease, but not alleging facts
showing irreparable damage or injury, it ap-
pearing that tenant was solvent and able to re-
spond in legal damages, held, that injunction was
not proper remedy, under Rev. St. 1925, art.
4642.

3. Appeal and error ⚖═477—Appellate court
held to have power to stay mandatory injunc-
tion pending hearing of appeal to protect its
jurisdiction.

Where mandatory injunction was granted to
recover possession of property held over by
tenant, and on appeal tenant applied for order
staying injunction, on ground that enforcement
of injunction would render case on appeal moot
before hearing thereof on merits, pendency of
case on appeal gave appellate court power to
stay injunction to protect its jurisdiction.

Appeal from District Court, Nueces Coun-
ty; W. B. Hopkins, Judge.

Suit by the Corpus Christi National Bank
against the Corpus Christi Book & Stationery
Company for a mandatory injunction. In-
junction granted, and the defendant appeals,
applying for an order staying a temporary
mandatory injunction pending the appeal.
Injunction stayed pending appeal.

McCampbell & Holt, of Corpus Christi, for
appellant.
Kleberg & North and Boone & Savage, all
of Corpus Christi, for appellee.

COBBS, J. Appellee, the landlord, filed this
suit against appellant, the tenant, to recover
the possession of the property by means of a
mandatory injunction, alleging the appellant
was holding over after the expiration of the
lease to its damages. The recovery is sought
by means of a sworn petition, asking for a
mandatory injunction to require appellant to
surrender possession of the premises of which
appellant is in possession, and which were
formerly and until May 31, 1928, held by it
under lease from appellee.

[1] This pleading, so far as set out in the
brief, shows no equitable cause of action. In
this connection we have no assistance from
appellee, who filed no written brief or cita-
tion of authorities. However, in injunction
cases, neither party is required to file briefs;
but the courts are very appreciative when
they are filed, for many reasons besides the
assistance they give.

[2] The sworn allegation shows that appel-
lant, as a tenant, has occupied the premises
for a number of years under a lease and re-
newals thereof, from time to time, which ex-
pired May 31, 1928, and that appellant has
been holding possession thereof since that
time against appellee's will. The petition is
lengthy, and undertakes to set out in a very
general way the claimed damages resulting
from the action of appellant in withholding
the premises after the termination of the
lease, and fails to show any grounds for relief
that cannot be recovered in an action at law.

It is urged with much show of truth that,
unless an order is issued by this court staying
the injunction, the case on appeal will be
moot before it can be heard on its merits, and
thus possession be kept by appellant. Article
4642 does not provide a choice of remedies for
litigants, but provides a remedy to cover in-
juries for which there is not a clear, full, and
adequate relief at law. We do not think any
case can be found where a mandatory injunc-
tion has been granted or used to eject a hold-
over tenant, unless there be alleged or shown
some proof of irreparable damage done or
threatened to be done.

There is an entire absence of allegation
showing irreparable damage or injury that
appellee will suffer that cannot be recovered
in an action at law. The trouble in this case
is that there is no sufficient allegation that
the threatened injury or damage will be ir-
reparable, if the appellant does not surren-
der immediate possession. The measure of
damages in an action at law against a hold-
over tenant is stated in Curtiss Aero & M.
Corp. v. Haymakers Warehousing Corp. (Tex.
Civ. App.) 264 S. W. 329.

If the remedies afforded appellee by law
are sufficient to compensate, and they are,
then appellee is required to go to the common-
law side of the docket for its relief. In other
words, if the arms of the law are too short
to administer the adequate relief, then an ap-
peal to a court of equity or of conscience may
be made, because equity follows and aids the
law. There is a broad distinction to be main-
tained, for to stagger into the wrong juris-
diction might be met with an abrupt dismiss-
al. In the case of Hill v. Brown, 237 S. W.
252, a landlord, Brown, sought to eject her
tenant, Hill, from premises of which the ten-
ant was in possession, and the court, the Com-
mission of Appeals, says:

"The question before us is: Did the district court err in issuing the injunction, the plaintiffs having an adequate and clear legal remedy? The case presented" to us "is one where a tenant holds over after the expiration of the term, and the issuance of the mandatory writ was erroneous, if the plaintiffs had their legal remedy. * * * In the case at bar there were two legal remedies, which the plaintiff could have" exercised "in protecting their rights: (1) The action of forcible detainer; and (2) the action of trespass to try title, or, as in this case, a suit" for "possession, with the ancillary writ of sequestration. * * * We do not think it was the intention of the Legislature in the enactment of the injunction statutes [supra] to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law. Nor did our Supreme Court intend to abrogate the distinction between law and equity in the application of the remedies provided under each system, but only intended to furnish a complete safeguard under the equitable jurisdiction of our courts for the protection of parties invoking same, who show that they are 'entitled to same.'"

In the case of Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591, the owner of an office building sought, by means of a mandatory injunction, to eject its tenant, whose lease had expired and who refused to surrender possession. The court said:

"At the time of the issuance of the writ of injunction, appellant had a clear, legal right to the use and possession of the leased offices, and it was clearly appellee's legal duty to surrender [same], and his failure to do so is indefensible at law. It does not necessarily follow, however, that appellant can secure its rights by appealing to a court of equity for injunctive relief. It can only do so if it has not a plain and adequate remedy at law, which is as efficient as the remedy in equity. * * * It is likewise the settled policy of the law of this state that an owner out of possession of premises, even if held by a mere trespasser, cannot resort to a court of equity and by use of its injunctive powers have possession taken from such wrongdoer and transferred to the owner, * * * the courts holding that there is available to the owner a plain, adequate, legal remedy, and as efficient to the ends of justice as the remedy in equity."

To like effect, see Mercer v. Fitzhugh (Tex. Civ. App.) 261 S. W. 819.

In the case of Moore v. Norton, 215 S. W. 373, a case decided by this court, a landlord sought to eject his tenant by means of a mandatory injunction, alleging among other equities the inefficiency of the legal remedies, and further alleging that the premises had been leased and failure to deliver would involve the landlord in litigation and possible damages. The court said:

"The appellants were not entitled to a mandatory injunction, requiring appellees to vacate premises of which peaceable possession is held by them. In such cases the available remedies provided by law must be followed, because equity will not lend its aid, by means of a temporary [mandatory] injunction, granting the relief prayed for, to obtain the possession of the property, the effect of which would be virtually to decide the entire case." Butler v. Borroum (Tex. Civ. App.) 218 S. W. 1115.

In the case of Hudspeth v. Gugenheim, 278 S. W. 952, this court held, opinion by Mr. Justice Smith, that the tenant, who was insolvent, was properly ejected by a landlord, through the use of a mandatory injunction. because irreparable injury was shown and no legal remedy was adequate, and that the landlord stood in the attitude of suffering irreparable loss if the injunction was not granted. No such situation is shown here. and it is admitted that the appellant is solvent and able to respond in legal damages. That being true, no function of a court of equity is required to compensate the appellee for any damages suffered by him.

[3] Appellant complains, and rightfully so, at the order of the court "that the said injunction ordered issued herein should not be suspended during such appeal, and it is therefore ordered that the appeal shall not suspend this order or the operation of said injunction, but the same shall remain in full force and effect during said appeal, and defendant shall be required to obey the same and to vacate said premises within 10 days from this date," which date was July 18, 1928. This case pending here on appeal gives us the power to stay said injunction to protect our jurisdiction, and this will now be done. Genitempo v. Anderson (Tex. Civ. App.) 245 S. W. 270.

Accordingly, the temporary mandatory injunction granted by the trial court will be stayed pending the appeal therefrom.