## STEVENSON v. RECORD PUB. CO. et al.
### No. 1672.

Court of Civil Appeals of Texas. Eastland.
June 4, 1937.

Rehearing Denied July 9, 1937.

pany, acting through its then president, G. Fisk, at the time of the execution of the notes, executed and delivered to York, as trustee, a chattel mortgage, whereby a lien was created against certain property of the Record Publishing Company, including "office furniture, and publication and mailing list of the Abilene Times." With reference to the publication and mailing list, plaintiff alleged that at the time of the execution of the mortgage it was "the intention to include, and in fact included, any and all rights in the publication known as the Abilene Times, a weekly newspaper then and now published at Abilene, Taylor county, Texas, including the name, subscription list, mailing list, circulation and good will thereof, and in particular the mailing right and registration with the United States Post Office Department at Abilene, Texas." The chattel mortgage lien was transferred to plaintiff. Plaintiff prayed for a judgment against the Record Publishing Company on the notes and against G. Fisk and the other defendants establishing the chattel mortgage lien as a lien prior and superior to the claims of defendants, and that said lien be foreclosed, etc.

The judgment ·was for the plaintiff against the Record Publishing Company as prayed for on the notes and for foreclosure of the mortgage lien against the defendants, but the plaintiff (appellant here) complains of the action of the court in that portion of the judgment wherein it grants a foreclosure against "office furniture, including chairs and tables, and the publication and mailing list of the Abilene Times, a weekly newspaper published at Abilene, Texas, as the same existed on the 6th day of December, 1932, now in the possession of the said G. Fisk as president of the Record Publishing Company."

As to the foreclosure against "office furniture, including chairs and tables," appellant contends that the court erred in rendering judgment qualifying the words "office furniture," covered by the chattel mortgage in issue, as including chairs and tables, and in not including and foreclosing appellant's chattel mortgage lien against the office safe, files, and typewriters as part of the office furniture. Appellant contends that the words "including chairs and tables" qualifies "office furniture" and thereby limits the scope of the term "office furniture" to articles

Sayles, Sayles & Sayles, of Abilene, for appellant.

W. E. Lessing, of Abilene, for appellees.

GRISSOM, Justice.

Plaintiff, J. McAllister Stevenson, sued Record Publishing Company, a corporation, G. Fisk, and others, upon five promissory notes dated March 13, 1929, payable to the order of Lee R. York, trustee, and to foreclose a mortgage lien on certain property. This suit is an aftermath of a suit by Stevenson v. Fisk et al., reported in (Tex.Civ.App.) 65 S.W.(2d) 507. In the former suit, Stevenson was the only creditor who filed a claim with the receiver for the Record Publishing Company, and the notes here sued on were therein adjudged to belong to him and were indorsed, without recourse, and transferred to Stevenson by York, trustee, and the receiver, Smith. (The mortgage securing said notes was therein "held to be a valid subsisting lien to secure the payment of said notes, as to all property thereby conveyed," except certain property not here in controversy.) To secure the payment of said notes the Record Publishing Com-

of a like nature, namely, cabinet makers' wares; and that the court erred in not including and foreclosing the lien against articles of every kind and character with which the office was furnished, such as the safe and typewriters.

(We have not been favored with a brief for the appellee. There are no findings of fact or conclusions of law in the record.)

■ We are of the opinion that the safe and typewriters described in the testimony may be a part of the office furniture. We do not agree with appellant's construction of the judgment. We do not think that the terms of the judgment require a construction that it does not constitute a foreclosure upon the property which appellant complains was omitted therefrom. We do not understand that the judgment by adding to the words "office furniture," found in the chattel mortgage, the words "including chairs and tables" operated to qualify and limit the foreclosure to articles of a like nature with chairs and tables, namely, cabinet makers' wares. Appellant applies the rule or maxim ejusdem generis to arrive at the conclusion stated. We find nothing in the judgment evidencing an intent to limit the foreclosure to less property than that described in the mortgage. We are of the opinion that the items complained of by appellant as being omitted from the judgment by the alleged qualification of the description in the mortgage may be included within the general term "office furniture." 19 C.J. 1255; Gladys City Oil, Gas & Mfg. Co. v. Right of Way Oil Co. (Tex.Civ.App.) 137 S.W. 171, affirmed 106 Tex. 94, 157 S.W. 737, 51 L.R.A.(N. S.) 268; Ex Parte Lingenfelter, 64 Tex. Cr.R. 30, 142 S.W. 555, Ann.Cas.1914C, 765.

■ We do not understand the rule of ejusdem generis to be applicable where, as here, the general words or phrase precedes the specific and when the language of the judgment wholly fails to indicate an intention to limit or qualify the descriptive language of the mortgage. The maxim is held to be applicable "where an enumeration of specific things is followed by some more general word or phrase" and that where such situation exists "such general word or phrase is to be held to refer to things of the same kind." As we understand it, the reverse of the stated situation here exists. It should here be noticed that there was no extraneous evidence of the intention of the parties as to what should be included in the mortgage, as alleged by plaintiff. The pleading referred to is set out in the preliminary statement, being in the first paragraph of this opinion. Mecca Fire Ins. Co. v. First State Bank (Tex.Civ.App.) 135 S.W. 1083; Alsup & Thompson v. Jordan, 69 Tex. 300, 6 S.W. 831, 5 Am.St.Rep. 53; Mueller v. Richardson, 82 Tex. 361, 18 S.W. 693; Fire Ass'n of Philadelphia v. Powell (Tex.Civ.App.) 188 S.W. 47 (writ ref.); Brody v. Chittenden, 106 Iowa, 524, 76 N.W. 1009; Smalley v. Dent County (Mo.Sup.) 177 S.W. 620; 4 Words and Phrases, First Series, p. 3013; 1 Words and Phrases, Second Series, p. 687.

The court rendered judgment foreclosing the lien against the "publication and mailing list of the Abilene Times, a weekly newspaper published at Abilene, Texas, *as same existed on the 6th day of December, 1932."* Appellant assigns as error the failure of the court to foreclose the lien against same as it existed "at the date of the mortgage, March 13, 1929, or at any time thereafter." (Italics ours.)

The mortgage foreclosed was executed by Record Publishing Company, a corporation, by G. Fisk, its president, on March 13, 1929, and covered the publication and mailing list of the "Abilene Times." There was evidence that about December, 1932, the Record Publishing Company quit business and ceased to exist; that its right to do business was forfeited for failure to pay its franchise tax; that thereafter the Fisk Publishing Company, owned by appellee G. Fisk individually, continued publishing a newspaper known as the "Abilene Times," being the same name as that of the newspaper formerly published by the Record Publishing Company, a corporation. There was evidence that the present publishers of the newspaper, known as the Abilene Times, used nothing pertaining to the old paper other than the name thereof; that appellee Fisk had recently put on a drive for subscriptions. Fisk further testified:

"Q. This subscription, lists with the post office, and all, is stuff that you have created, subsequent to October, 1932, is it, Mr. Fisk? A. Yes.

"Q. You have now about how many subscribers to the Abilene Times? A. About two thousand.

"Q. Are those paid subscribers? A. Yes.

"Q. You are obligated to publish the paper, and carry on, and furnish these papers to the subscribers? A. Yes.

"Q. The subscription and publication of the Abilene Times, of 1929, is that the same thing that is being done by you now, or is this all a new thing that didn't exist in 1929? A. Might be some few, but practically all are new subscribers.

"Q. What physical property was left that belonged to the Record Publishing Company, if any, Mr. Fisk? A. Well, there is practically none, after the foreclosure and sale had taken place.

"Q. You say 'practically none'—do you know what is left? Did you furnish the receiver, Mr. Frank E. Smith, a list of that property? A. Yes.

"Q. Is that a copy of the list you furnished him? A. Yes.

"Q. What is that property, Mr. Fisk? A. It is three imposing stones, six type cases, one proof press, two Intertype magazines.

"Q. That's all of the property that remained in your possession, after the Record Publishing Company evaporated? A. Yes. * * *

"Q. Now this publication and mailing list of the Abilene Times that was in existence on March 13, 1929—the date of the execution of this chattel mortgage by you, as President of the Record Publishing Company—of what did that mailing list consist at that time? A. It was a subscription list, is all that I know. I don't remember how many subscribers we had. * * *

"Q. Then this present list, that you have got at this time, that you are testifying about on direct examination, is part of this original chattel mortgage, of date March 13, 1929? A. Everything is renewed since then. I don't think—I mean it is a complete new list.

"Q. What do you mean by 'new list'? A. New subscribers.

"Q. None of these old subscribers? A. I don't think so; possibly some renewed."

Fisk further testified that each year since the demise of the Record Publishing Company the Fisk Publishing Company had complied with all postal regulations and had annually published in his newspaper, "Abilene Times," a statement of the ownership, etc., of said newspaper.

As we understand appellant's contention, it is that having a lien on the subscription list of the "Abilene Times" as it existed in 1929 and at the time the Record Publishing Company ceased to exist in 1932, that he has a right to foreclosure of the lien given by the Record Publishing Company on its publication and mailing list against the publication and mailing list of a newspaper by the same name published by the Fisk Publishing Company, as it now exists, by reason of accession.

There being no findings of fact and conclusions of law in the record, it is our duty to affirm the judgment of the trial court if under any theory supported by the evidence it can be done. We cannot know the conclusion of the trial judge. It is true that appellee G. Fisk was president of the Record Publishing Company, and, as such, executed the notes and mortgage in controversy. It is true that he now, as an individual, under the name of Fisk Publishing Company, publishes a newspaper with the same name as that of the newspaper formerly published by the Record Publishing Company, a corporation. There is sufficient evidence to authorize, if it does not compel, the conclusion that the organizations now publishing and that have heretofore published the "Abilene Times" are separate and distinct persons or legal entities. There is evidence in the record in substance that the present publication and mailing list is new and complete, and entirely distinct from the list upon which a lien was given, save and except that as the result of an advertising campaign possibly some old subscribers to the paper published by the former corporation are now included in the list of subscribers to the paper of the same name now published by Fisk.

We recognize the rule with reference to accession laid down in the authorities cited by appellant, to wit: First Nat. Bank v. Western Mort. & Inv. Co., Ltd., 86 Tex. 636, 26 S.W. 488; Kirby Lumber Co. v. Temple Lumber Co., 125 Tex. 284, 83 S.W.(2d) 638; American Nat. Bank v. First Nat. Bank, 52 Tex.Civ.App. 519, 114 S.W. 176, 180; Werner Stave Co. v.

Pickering, 55 Tex.Civ.App. 632, 119 S.W. 333; 1 C.J. 382; 11 C.J. 501; 1 Tex.Jur. 240. But we are of the opinion that it is not shown that they are necessarily applicable to the facts of the instant case.

We think error is not shown. The judgment of the district court is affirmed.