Wilford J. BOHN, Appellant,

v.

Carolyn Mims BOHN, Appellee.

No. 15169.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 14, 1967.

Rehearing Denied Oct. 5, 1967.

Carey Williams, Houston, for appellant.

Andrews, Kurth, Campbell & Jones, Homer Mabry, Houston, Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment entered in a divorce case by the Court of Domestic Relations No. 4 in and for Harris County, Texas. Appellant limits his appeal to that part of the judgment overruling his exceptions to a motion made by appellee to

continue in force during appeal a temporary injunction previously granted, and ordering that upon the filing of a supersedeas bond in the penal sum of $12,500.00 by appellee, the final judgment should be stayed and suspended and that the temporary injunction order previously entered enjoining appellant from selling certain shares of the capital stock of Southland Life Insurance Company should be continued until final disposition of the controversies between the parties herein on appeal, or until the time for perfecting such appeal has expired.

During the trial appellee had sought to have a gift of the shares of stock in question set aside, and to have these shares of stock awarded to her as her separate property. This relief was denied by the judgment of the trial court, and the shares were adjudged the separate property of appellant. A statement more fully setting out the facts in this case and the issues involved may be found in the opinion of this Court in Bohn v. Bohn, Cause No. 15168, 420 S.W.2d 165.

Appellant takes the position that the order from which this appeal has been taken is an order granting a temporary injunction and has proceeded under the time limits and conditions applying to authorized appeals from interlocutory judgments. He contends that the order is erroneous: (1) because it does not contain the reasons for its issuance required by Rule 683, Texas Rules of Civil Procedure; (2) because the application for the temporary injunction pending appeal sets forth neither equitable nor statutory grounds for the temporary injunction since the shares of stock were adjudged to be appellant's separate property; (3) because as a matter of law conservatory writs pending appeal on the merits are limited to such writs as are consistent with and tend to effectuate the final judgment of the trial court; and (4), finally, because, assuming jurisdiction to grant the writ, the trial court abused his discretion in so doing.

These points present interesting questions, the answer to which may be in doubt. However, we have determined that the or-

der continuing the temporary injunction on condition that a supersedeas bond be filed could not have resulted in harm to appellant. Appellee filed the bond as required by the order, and as a result the entire judgment entered by the court was superseded. Since the temporary injunction was in force at the time the final judgment was entered, it remained in force when that judgment was suspended. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031 (1930, opinion adopted); Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326 (1907); Williams v. Pouns, 48 Tex. 141 (1877); Janelli v. Bond, 148 Tex. 416, 225 S.W.2d 824 (1950); Murray v. Humphrey, 132 S.W.2d 444 (Tex. Civ.App., Texarkana 1939).

The judgment of the Trial Court is affirmed.