**Jerome SOBEL, d/b/a Script Shop East, Appellant,**

v.

**CITY OF LACY LAKEVIEW, Texas, a Municipal Corp., Appellee.**

**No. 4991.**

Court of Civil Appeals of Texas, Waco.

Jan. 14, 1971.

John B. Faulkner, Waco, for appellant.

Q. Z. Valentine, Waco, for appellee.

OPINION

WILSON, Justice.

Appellant presents a motion to this court to stay a temporary injunction issued by the trial court pending appeal, which has been perfected.

The City's petition for injunction alleged appellant was operating a drug and liquor business in violation of a city ordinance requiring two toilets in a business building. The injunction restrained appellant "from

selling any intoxicating liquor" on the premises. Appellant's application to supersede the order was denied.

Rule 385, Texas Rules of Civil Procedure, and Art. 4662, Vernon's Ann.Tex.St. provide that appeals from interlocutory orders shall not have the effect of suspending the order unless directed by the trial judge. The effect of the relief sought in the present motion is to suspend the order.

Courts of Civil Appeals have a limited power to issue extraordinary writs to enforce or protect jurisdiction. 31 Tex.Jur. 2d, Injunctions, Sec. 98, p. 198.

█ This court has jurisdiction to stay enforcement of a temporary injunction, as well as to grant injunction, mandamus or prohibition, to protect its jurisdiction after the appeal is perfected. Ammex Warehouse Company v. Archer (Tex.Sup.1964), 381 S.W.2d 478. This power in such cases as the present, however, is again limited generally to preserving the status quo if that status affects jurisdiction, preservation of the subject matter, and preventing the case from becoming moot. Lee v. Lee (Tex.Civ.App., 1962), 355 S.W.2d 255; Boynton v. Brown (Tex.Civ.App., 1914), 163 S.W. 599; Taylor v. American Trust and Savings Bank of El Paso (Tex.Civ. App., 1920), 265 S.W. 727 and cases cited; Gibbons v. Ross (Tex.Civ.App., 1914), 167 S.W. 17; Ford v. State (Tex.Civ.App., 1919), 209 S.W. 490. See Corpus Christi Book & S. Co. v. Corpus Christi Nat. Bank (Tex.Civ.App., 1928), 8 S.W.2d 955; Nelson v. Blanco Independent School District (Tex.Civ.App., 1965), 386 S.W.2d 636.

█ This is not such a case. The only purpose of a stay would be to prevent damage to appellant, and the Court of Civil Appeals is not empowered to stay or grant injunction on equitable grounds solely to protect a party from damage pending appeal. It may only do so in aid of its jurisdiction. Taylor v. American Trust & Savings Bank of El Paso (Tex.Civ.App.,

1924), 265 S.W. 727, 730; Tipton v. Railway Postal Clerks' Inv. Ass'n. (Tex.Civ. App., 1914) 170 S.W. 113.

Since we have no jurisdiction, the motion is denied.