**CONTINENTAL OIL COMPANY, Relator,**

**v.**

**Honorable Arthur C. LESHER, Jr., Judge, et al., Respondents.**

**No. 16243.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 6, 1973.

Vinson, Elkins, Searls, Connally & Smith, John C. Snodgrass, Harry M. Reasoner, Travis C. Broesche, John E. Kennedy, Houston, Liskow & Lewis, Austin W. Lewis, Gene W. Lafitte, James B. St. John, Jr., New Orleans, La., for relator; Gus M. Hodges, Austin, Keith W. Blinn, John M. Berlinger, Joseph C. Johnson, Houston, Van E. Langley, Stamford, Conn., of counsel.

Andrews, Kurth, Campbell & Jones, Raymond A. Cook, V. Camp Cuthrell, Thomas L. Schubert, Houston, Stockwell, St. Dizier, Sievert & Viccellio, Lake Charles, La., for respondents; David A. Cort, Richard C. Packard, Pittsburgh, Pa., of counsel.

COLEMAN, Chief Justice.

Continental Oil Company, as Relator, seeks a writ of mandamus to compel the Honorable Arthur Lesher, District Judge, to set the amount of a supersedeas bond, pursuant to Rule 364(e), Texas Rules of Civil Procedure, so that Continental may supersede the judgment of dismissal without prejudice rendered in the case of Con-

tinental Oil Company v. P. P. G. Industries, Cause No. 907,308–A in the 157th Judicial District Court of Harris County, Texas. Relator's appeal in said cause has been perfected to this court.

Cause No. 907,308–A is a suit in which Continental asks a declaration of its contractual obligations under its contract to supply a substantial portion of P.P.G.'s natural gas requirements at its chemical plant located near Lake Charles, La. and also seeks an equitable decree allocating its available supplies of natural gas. Subsequent to the filing of this suit P.P.G. filed suits against Continental based on the contract in the United States District Court in Lake Charles, La., and in a Louisiana state court. On application of Continental the trial court issued an order temporarily enjoining P.P.G. from prosecuting its action in the Louisiana state court. This order was upheld by this court in P.P.G. Industries, Inc. v. Continental Oil Company, 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd, n.r.e.). The action filed in the United States District Court was stayed by order of that court.

Subsequently P.P.G. filed a plea in abatement in this case requesting that this action be dismissed or stayed on the ground that the action could be adjudicated more effectively and conveniently by the Louisiana courts. On July 6, 1973, the trial court entered an order staying the proceedings in this case. In the order the court "finds and concludes" that " . . . because of the nature of the controversy and the facts out of which it has arisen all matters in controversy between the plaintiff and the defendant can be adjudicated in either of such Louisiana actions more effectively and conveniently than in this action and, accordingly, that the dispute should be litigated in the Louisiana action; . . ."

The court ordered:

"1. The plea in abatement of the defendant is hereby granted, and except as hereinafter provided, all further proceedings in this action are hereby stayed.

"2. This order is without prejudice to the right of the plaintiff to move to rescind the stay in the event that defendant prosecutes neither of the aforementioned Louisiana actions in good faith; and this court retains jurisdiction of this action to protect such right of the plaintiff."

Thereafter on the same date the court entered its order of dismissal reciting:

" . . . the court having heretofore entered its order staying the action, and the court recognizing that such order was interlocutory in nature and therefore not appealable by plaintiff through ordinary processes of appeal, the court accordingly further finds that it is in the interest of justice that a final order be entered which will enable the plaintiff to obtain prompt review of the actions taken by this court;

"It is, therefore, Ordered that the plaintiff's suit be and the same is hereby dismissed without prejudice."

Continental gave notice of appeal and moved the trial court to fix the amount of the supersedeas bond in accordance with Rule 364(e), T.R.C.P. The trial court denied this motion.

 It is well established that all final judgments, unless otherwise provided by statute, may be superseded, pending appeal, by the filing of a proper supersedeas bond. Ex Parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371 (1941). The right to supersedeas is not limited to judgments which require a writ of execution or other process to enforce them, but also extends to judgments which are self executing. Houtchens v. Mercer, 119 Tex. 431, 29 S. W.2d 1031, 1037 (1930). The trial judge's discretion extends only to the amount of the bond and not to whether the bond should be granted or whether to fix the amount of the bond. The fixing of the amount of the bond is a "ministerial duty" which the trial court may be required to perform by way of mandamus. Magnolia

**186**

Petroleum Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484 (1933); General Telephone Company of the Southwest v. Carver, 474 S.W.2d 582 (Tex.Civ.App.-Dallas 1971); Bagley v. Lindsey, 417 S.W.2d 880 (Tex. Civ.App.—Texarkana 1967); Alvarez v. Laughlin, 362 S.W.2d 915 (Tex.Civ.App.-San Antonio 1962).

This court has the authority to issue its writ of mandamus to protect its jurisdiction over Cause No. 907,308–A. Ridley v. McCallum, 139 Tex. 540, 163 S. W.2d 833 (1942). This power is limited generally to preserving the status quo if that status affects jurisdiction, preservation of the subject matter, or preventing the case from becoming moot. This court is not authorized to issue writs on equitable grounds solely to protect a party from damage pending appeal. This court does not have power to supervise the district courts, nor may it issue writs for the sole purpose of correcting error. Coastal States Gas Producing Co. v. Miller, 160 Tex. 295, 329 S.W.2d 853 (1959); Texas Employers' Ins. Ass'n v. Kirby, 137 Tex. 106, 152 S.W.2d 1073 (1941); Sobel v. City of Lacy Lakeview, Texas, 462 S.W.2d 344 (Tex.Civ.App.-Waco 1971). This court will not issue a writ of mandamus to compel the doing of a meaningless action. Providential Investment Corporation v. Dibrell, 320 S.W.2d 415 (Tex.Civ.App.-Houston [1st] 1959); Congress of Industrial Organizations v. City of Dallas, 198 S.W. 2d 143 (Tex.Civ.App.-Dallas 1946, writ ref., n. r. e.); Shelton v. City of Abilene, 75 S.W.2d 934 (Tex.Civ.App.-Eastland 1934).

The effect of superseding the judgment dismissing the cause without prejudice would be to leave in effect the orders previously entered in the cause. In this case the order staying the proceedings would remain in effect. Bohn v. Bohn, 420 S.W.2d 172 (Tex.Civ.App.-Houston [1st] 1967). As reflected by the language of the order it was entered so that the parties might proceed to trial in one of the

cases pending in Louisiana. If the case proceeds to judgment in the United States District Court or in the Louisiana state court, Cause No. 907,308–A will become moot. It appears from the record, therefore, that superseding the final judgment will neither prevent the action from becoming moot, preserve the status quo, nor preserve the subject matter of the litigation. Under these circumstances we conclude that we are without jurisdiction to issue a writ of mandamus requiring the trial judge to fix the amount of the supersedeas bond.

The motion for leave to file the application for writ of mandamus is denied.