GENERAL TELEPHONE COMPANY OF the SOUTHWEST, Appellant,

v.

The CITY OF GARLAND, Appellee.

No. 18644.

Court of Civil Appeals of Texas, Dallas.

April 2, 1975.

Patrick E. Higginbotham, Coke & Coke, Dallas, for appellant.

Earl Luna, Dallas, for appellee.

### OPINION ON APPELLANT'S PETITION FOR STAY PENDING APPEAL

GUITTARD, Justice.

Appellant General Telephone Company of the Southwest petitions us for a stay pending appeal of the temporary injunction restraining it from charging rates which appellee City of Garland alleges to be without approval by the City Council. The temporary injunction requires General to reduce its rates, pending final decree, to a level prescribed by ordinance in January 1972. We grant the stay, but we direct the trial court to require a bond for protection of General's subscribers.

Our jurisdiction to grant such a stay is found in Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), which grants to courts of civil appeals power to issue "writs necessary to enforce the jurisdiction of said courts." Under this statute, we have no power to issue original writs solely to protect a party from damage pending appeal. Sobel v. City of Lacy Lakeview, 462 S.W.2d 344, 345 (Tex.Civ.App.—Waco 1971, no writ). We may, however, grant writs necessary to preserve the subject matter pending appeal and prevent the case from becoming moot. Nelson v. Blanco Independent School Dist., 386 S.W.2d 636, 637 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.).

We conclude that such a stay is necessary to preserve our jurisdiction. The subject matter of this appeal is the rate schedule applicable in the interval between the issuance of the temporary injunction and the final decree granting or denying permanent injunctive relief. The appeal is not likely to be completely moot at the time of our decision on the merits, since, presumably, our order will govern the rates to be charged from that time until issuance of the final decree. However, it will be moot with respect to the rates charged in the interval between the present application and the time of our decision, because if General is successful on this appeal, it will have no practical remedy to recover the difference from its subscribers. For the same reason the appeal will be moot with respect to certain credits which the temporary order requires General to give its subscribers for any excess collected since January 17, 1975, above the charges specified in the order. In these respects, the situation is analogous to that in which a temporary injunction is granted to a public service company for an increase in rates in the interval between filing the suit to restrain confiscatory rates and final decree adjudicating the merits of the claim of confiscation. Denial of a temporary injunction in such a situation has been held to permit a loss without a remedy. City of Athens v. Gulf States Telephone Co., 374 S.W.2d 757, 760 (Tex.Civ.App.—Tyler 1964, no writ). Accordingly, we hold that a stay of the temporary injunction is necessary for complete preservation of the subject matter of this appeal.

Since this stay permits General to charge the higher rates pending this appeal, General should be required to provide security to protect the subscribers in the event these rates should ultimately be determined not to be legally chargeable. Consequently, it should provide a refunding bond payable to the City for the purpose of indemnifying the subscribers in the event the final decree should determine that the lower rate schedule prescribed by the temporary injunction is controlling. See City of Baytown v. General Telephone Co., 256 S.W.2d 187, 194 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.). General has advised the court that it has no objection to providing such a bond. The record before us does not contain information which would assist us in fixing the amount of such a bond. Consequently, we direct the trial court to fix the amount of the bond and to prescribe its terms. It will not be a supersedeas bond as defined by Texas Rules of Civil Procedure 364, but a bond we require as a condition of granting the stay. Accordingly, the stay will expire if General fails to file a bond on such terms and within such time as the trial court shall prescribe.

Accordingly, the temporary injunction granted by the trial court is stayed pending this appeal, subject to the conditions above specified.

AKIN, J., not sitting.