In re WILL OF ANNINE C. SCHEINER.

No. 41559.

MARCH 14, 1933.

R. Feyerbend, for appellant.

Hoersch & Hoersch, for appellee executor.

STEVENS, J.—The will of Annine C. Scheiner was admitted to probate in the district court of Scott county on July 15, 1930, at which time the American Trust Company was appointed executor. Later, the executor filed its final report showing a balance on hand of $7,646.18. Objections were filed to the final report by Rasmus Miller, a brother and heir at law of testatrix and appellant herein, together with a prayer for the construction of certain provisions of the will.

The will first made provision for the payment of the debts and funeral expenses of testatrix. This was followed with a bequest to appellant and others of $100 each. The third and fourth clauses of the will are as follows:

"III. All my household and personal property, I give and bequeath to my two sisters, Anna Cagly and Mary Larsen.

"IV. All the rest, residue and remainder of my property, whether real or mixed, is to be divided as follows: One half of the estate, I give and bequeath to my two sisters and one brother, Anna Cagly, Mary Larsen, and Marion Miller, to share alike. The other one half of the estate, I give and bequeath to my four sister-in-laws and one niece, Mrs. Barbara Boettcher, Mrs. Mary Devlin, Mrs. Elizabeth Guldner, Mrs. Fanny Banigan, and Mrs. Amy Sternberg Littig, to share and share alike."

The court below held that nothing passed to the beneficiaries named in paragraph 3 of the will, except the household goods and effects; that is, that other forms of personal property, such as money, are not included therein. The beneficiaries affected by this holding have not appealed. The court, however, held that the remainder of the personal estate of testatrix passed under paragraph 4 to the beneficiaries therein named. This results in a complete adjudication of the right of the beneficiaries named in paragraph 3 of the will to take any portion of the personalty not included in the term "household goods and effects." Unless testatrix died intestate as to some portion of her property, appellant has no interest therein and this appeal should be dismissed. The proposition, therefore, before us for decision is: Did testatrix die intestate as to all or any forms of personal property not disposed of in paragraph 3? The adjudication resulting from the construction of paragraph 3 by the district court is binding only upon the beneficiaries named therein and directly precluded thereby. The will, as a whole, must be interpreted so as to carry out the intention of the testatrix if this is possible. For the purpose of ascertaining whether intestacy exists as to any portion of the estate, this court must construe the will for the purpose of ascertaining such intention and, so far as possible, giving effect thereto. She did not have two intentions. If it was her intention to pass the personalty under paragraph 3 to her sisters, then clearly she did not intend it to pass under the residuary clause. This is self-evident. The language of paragraph 4 is significant indeed

and must be interpreted in the light of what would seem obviously to have been her intention.

Paragraph 4 is quoted above. Note the following: "All the rest, residue and remainder of my property, *whether real or mixed* \* \* \*." Had testatrix omitted the italicized words, the clause would have been wholly free from ambiguity. What property did testatrix understand she was disposing of in this clause of the will? The rest, residue, and remainder, but for the language which follows, would have included personalty. Testatrix, however, knew that she had already disposed of her personal estate by a former clause of the will; that nothing remained for disposition but real or mixed property. This is why she used the word "whether." It, with the words which followed, was intended as a description of that which preceded, namely, "the rest, residue and remainder of my property." The words "whether real or mixed" necessarily excluded all other forms of property. "Mixed property" has never been held to include personal property generally. It has been defined as that which, although coming within the definition of things real, is attended with some of the legal quality of things personal. It refers to property which is neither wholly real nor wholly personal but which is a compound of both. Miller v. Worrall, 62 N. J. Eq. 776, 48 A. 586, 90 Am. St. Rep. 480; Minot v. Thompson, 106 Mass. 583.

The language of paragraph 3 clearly and unmistakably indicates that testatrix understood that all of her estate, except property real or mixed, had been disposed of in the preceding paragraphs of her will.

The conclusion follows that her intention was to dispose of all her personal estate by paragraph 3 to her sisters. As these beneficiaries have not appealed and this property was not intended to pass under paragraph 4 of the will, the construction adopted by the district court creates intestacy as to all forms of personalty not household goods or effects. Appellant is an heir at law of the testatrix and entitled to share in intestate property.

In so far, therefore, as the court held that the personal property of the estate of testatrix, except household goods and effects, passed under paragraph 4 of the will to the beneficiaries named therein, it was in error. As Rasmus Miller is the sole appellant, he alone can profit by this appeal. To the extent, therefore, of his interest in the personal estate, outside of household goods and effects, the

judgment of the court below is reversed, but in all other respects it must be affirmed.—Affirmed in part; reversed in part.

All Justices concur.