**ERWIN et al. v. STEELE.**

No. 14156.

Court of Civil Appeals of Texas. Dallas.
March 10, 1950.

Rehearing Denied April 7, 1950.

Louis Wilson, Dallas, for appellants.

John B. Stigall, Jr., Dallas for appellee.

BOND, Chief Justice.

Appellant Mrs. Edward Erwin, plaintiff in the court below, joined by her husband John S. Erwin, instituted this suit against Dorman F. Steele, individually and as independent executor of the estate of Florence R. Steele, deceased, the defendant in the court below, for liquid assets and securities owned and possessed by the deceased in the sum of $10,062.70 and community personal property subject to division and partition between appellant and appellee in accounting of said estate. The rights of each of the parties in this suit are controlled by the provisions of the joint and mutual will of Mrs. Florence R. Steele, deceased, and her husband Dorman F. Steele.

The cause was tried to a jury and at the conclusion of plaintiff's testimony, on motion of the defendant, the court peremptorily instructed the jury to find in favor of the defendant. Accordingly, on the verdict, judgment was entered that plaintiff recover nothing by her suit; and all costs taxed against said plaintiff.

The court made findings of fact supported by evidence that Mrs. Florence R. Steele, wife of Dorman F. Steele and sister of Mrs. Edward Erwin, died testate on or about December 23, 1947 and left an estate consisting of real estate (homestead) of an appraised value of $9,500 and household furnishings, jewelry, family pictures, etc., of the value of $1,500, money in the

bank in her own name in the sum of $10,-062.70, and a community one-half interest in cash deposited in banks in name of her husband in the sum of $24,424.28, U. S. Savings bonds of the present value of $11,-146.50, one (1942) Mercury automobile of the value of $800, one (1943) Chrysler automobile of the value of $1,400, fifty-three shares of corporation stock certificates of the value of $125, and accounts receivable of $6,795.05, aggregating (personal property) $56,253.51. There was no real estate at the time of the execution of the will and death of Mrs. Steele other than the said homestead.

The introductory clause of the will recites that in making the disposition of their property while "being of sound and disposing mind and memory," the testators were "desirous of arranging their worldly affairs"; and after providing for their burial in keeping with their station in life and religious belief and the appointment of the survivor as executor of the estate, the will provides (italics supplied for emphasis) as follows: "2. We desire, upon the death of either of us, to give, devise and bequeath to the survivor *all the property, of every kind and description, real or mixed, wherever situated, of which the deceased may die possessed,* * * * 3. If Dorman F. Steele survives Florence R. Steele, it is hereby understood that Mrs. Edward Erwin, her sister, shall inherit her *personal belongings, such as* two diamond rings, family pictures and *other personal belongings.*"

The foregoing sections of the will control the rights of the parties. Under section 3 the plaintiff claims all of the personal property belonging to her sister at the time of her death and one-half of the undivided community personal property as being the "personal belongings" of the deceased; and claims that under section 2, the surviving husband is only entitled to the real estate (homestead) and one-half of the community personal property which did not pass by the terms of the will;—the testators had no children. The primary question is: Does the expression in the will "that Mrs. Edward Erwin * * * shall inherit her (testatrix') personal belongings, *such as* two diamond rings, family pictures and other personal belongings" come under the rule of ejusdem generis?

The term "ejusdem generis" is a primary rule of construction. Where words of general nature follow, or are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation. "General words are not to be construed in their widest meaning or extent, but are to be treated as limited and applying only to persons or things of the same kind or class as those expressly mentioned." Stanford v. Butler, Tex.Sup., 181 S.W.2d 269, 272, 153 A.L.R. 1054. Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 137 S.W. 1120, Ann.Cas. 1914B, 368. The rule in varying language is stated in Schouler on Wills, 5th Ed., Vol. 1, pp. 590, 591, as follows: "Consistently with this general regard to language, technical words employed in a will are presumed to have been used in their settled legal meaning unless the contrary is manifest. And if a testator has used technical language which brings his case within some precise rule of law, that rule must take effect. But technical words are liable to other explanatory and qualifying expressions in the context which disclose the testator's actual intention; and where a different meaning is fairly deducible from the whole will, the technical sense must yield to the apparent intention. In short, the testator's intention as gathered from the will shall prevail against the technical meaning of words or phrases, so far as may consist, at least, with the rules of sound policy, and however imperfectly such intention was in a technical sense expressed." The rule of ejusdem generis is frequently employed to restrict an otherwise general bequest. Its application as an indication of intent is general in any situation, whether in a will, a deed, a contract, a statute, or involving any enumeration.

In Gallagher v. McKeague, 125 Wis. 116, 103 N.W. 233, 110 Am.St.Rep. 821, where the words used were "All the household furniture and effects,"—analog-

ous to "belongings," it was held that while "effects" is of very general significance, and by all the authorities is equivalent, at least, to personal property, yet, when used along with "household," it is applicable only to property which can be classed as part of the household. And in Re Lippincott's Estate, 173 Pa. 368, 34 A. 58, 59, the court held that a bequest of "all my jewelry, wearing apparel, and personal effects" does not carry with it the testator's household furniture. And in Re Gabler's Will, 140 Misc. 581, 251 N.Y.S. 211, 214, where a will gave "all my household furniture, furnishings and effects, jewelry and all personal effects and belongings," it was held not to include savings bank account. On extensive research, authorities on the question may be greatly multiplied to show that the general words,—effects, goods, belongings, and estates, following or in connection with specific designated articles, are to be construed as limiting and applying to persons or things of the same kind or class as designated. Page on Wills, Lifetime Ed. Vol. 3, p. 7, secs. 945 et seq.; 80 A.L.R. 941 et seq. So, where the will of Mr. and Mrs. Steele enumerated the particular kinds of chattels and coupled with same the words "personal belongings," the generality of this expression is to be restricted to such species of property as therein mentioned, viz.: "diamond rings, family pictures and other personal belongings"; and not to include money in the bank, stocks and bonds, aggregating in excess of $50,000. Then, too, the phrase "such as" is as a similitude, classifying articles of the kinds named, which are like or similar to those used in the will. "Such" is defined by Webster as "having the particular quality or character specified; certain; representing the object as already particularized in terms which are not mentioned"; as of like kind, similar, equivalent to, "of that kind." Travers v. Wallace, 93 Md. 507, 49 A. 415. The synonyms of "such as," are alike, similar, of the like kind; "such" representing the object as already particularized in terms which are not mentioned, being a descriptive and relative word, referring to the specific articles mentioned. Strawberry Hill Land Corpo-

ration v. Starbuck, 124 Va. 71, 97 S.E. 362. The personal belongings "such as" the articles mentioned, restricts further the meaning of the bequest.

In construing this will, the testator's intention is given our first concern; intention becomes construction. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148. The introductory clause of the will reciting that in making the will the testators were desirous of arranging their "worldly affairs," implied that they were making disposition of all temporal things which they or either of them possessed. While the introductory clause does not signify any particular property, or species of property, yet it does express the intent of the parties to make disposition of all their property,—leaving no intestacy.

In section 2, the one surviving, whether the wife or the husband, is bequeathed "all of the property, of every kind and description, real or mixed, whereever situated, of which the deceased may die possessed." There is listed in this estate no property that could be denominated "mixed property," if, in fact, the testators knew the legalistic meaning of such term, which, in some jurisdictions, is denominated "property that is neither real nor personal"; but, in this state, there are only two species of property known in law. They are denominated as "real" property and "personal" property.

In a broad and general sense, "personal property" includes everything that is the subject of ownership not coming under the denomination of real estate. Black's Law Dictionary. "Estate or property that is not real, consisting in general of things temporary or movable." Webster's New International Dictionary.

"Tangible or corporeal property is either realty or personalty, the word 'real' describing land and that which is annexed thereto, and the term 'personal' having reference to chattels, evidences of debt and choses in action." 33 Tex.Jur., p. 937, sec. 4.

"Although popularly the term 'personal property' is used in a somewhat restricted sense to include only goods and

chattels, tangible things, the subjects of personal use, in its broad and general sense it includes everything which is the subject of ownership not coming under the denomination of real estate." 50 Cor.Jur. 760, sec. 36.

 "A bequest of 'personal property' includes every form of personal property from whatever source it may be derived; that is, everything except real property." Page on Wills, Vol. 3, Lifetime Ed., p. 44, sec. 964.

 It will be seen that at the time the testators made the will and at the time of the death of Mrs. Steele, the testators had no such thing as "mixed property"; only a homestead as "real" property; the greater amount was "personal" property. Thus it could not reasonably be said that in arranging the disposition of their "worldly affairs" the testators intended that the parenthetical expression "real or mixed" should be a limitation upon the bequest to the survivor, or leave the bulk of their property intestate. In construing the will from its four corners, we are of the opinion that the words "real or mixed" in section 2, bequeathing to the survivor "all the property, of every kind and description * * * wherever situated," do not exclude from the bequest their personal property; nor did the testators intend that the survivor should take only the homestead. If, indeed, it can be said that the parenthetical phrase "real or mixed" is a limitation to the bequest to the survivor, and the survivor takes only the real estate under the will; and that the personal property, which was the greatest portion of their estate, did not pass to the survivor; nevertheless, the survivor (no children surviving) takes all of the community, real and personal, unless it can be said that such community was bequeathed by the subsequent provision of the will to Mrs. Erwin. It therefore follows that if the general words bequeathing to Mrs. Erwin all of the deceased's "personal belongings," used in the restricted sense, only intended to embrace the articles named and of like personal nature which had an enduring personal value derived by the deceased from gifts, association and personal use,

then the trial court correctly sustained defendant's motion for judgment in favor of the defendant.

 We have considered the other assignments to the action of the trial court in refusing extraneous evidence to construe the will, they are severally overruled, and judgment affirmed.

Judgment affirmed.

CRAMER, J., dissents.

CRAMER, Justice.

I respectfully dissent from the majority opinion in this case.

The will involved (omitting formal parts; with italics mine) reads as follows: "That we, Dorman F. Steele and Florence R. Steele, husband and wife, being of sound and disposing mind and memory, and being desirous of arranging our worldly affairs in the event of our death, do hereby make, constitute and publish this our last will and testament, hereby specifically revoking any and all wills heretofore made by us or either of us: 1. It is our desire that upon the death of either of us he or she shall be buried in keeping with our station in life and according to our religious belief. 2. We desire, upon the death of either of us, to give, devise and bequeath to the survivor all the property, of every kind and description, *real, or mixed,* wherever situated, of which the deceased may die possessed, the said survivor shall serve as independent executor of this last will and testament without bond, and free of the control of the court, other than the probate of this will and the filing of an inventory as required by law. 3. If Dorman F. Steele survives Florence R. Steele, it is hereby understood that Mrs. Edward Erwin her sister, shall inherit *her personal belongings, such as two diamond rings, family pictures and other personal belongings.* 4. In the event that both of us die simultaneously, or within a short time of each other from the same cause or accident, it is our desire that all the property, of every character and description, wherever situated, of which we may die seized and possessed, with the exception of the note which we hold against the residence on.

Poe Street against Robert Norman, Jr. which note we desire to be given to said Robert Norman, Jr., shall be divided in two equal parts, one-half shall go to Mrs. John S. Erwin, Florence R. Steele's sister, and the other one-half of which shall go to Mrs. Betty Steele, mother of Norman F. Steele, The one-half inherited by Mrs. Betty Steele to be controlled and managed by Robert Norman, Jr. In the event that the said Mrs. Betty Steele shall predecease these testators, it is our desire that any share she might have received hereunder shall go to Mrs. R. O. Norman, Mrs. Alice Ramsey, sisters of Dorman F. Steele and Marshall Steele, brother share and share alike. 5. In the event that both of us die simultaneously, or within a short time of each other from the same cause or accident, we nominate and appoint Robert Norman, Jr. and John S. Erwin joint executors of this our last will and testament, without bond, with the provision that any transaction or disposition of said estate or revenue derived therefrom shall be signed by both parties. 6. It is our desire that if any of the beneficiaries hereunder shall seek to contest this our last will and testament, such contesting beneficiary shall take nothing hereunder, but any share heretofore given him shall go to the other beneficiaries hereunder in the proportions hereinbefore provided."

Florence Steele died December 23, 1947 and in January 1948, the will was duly probated.

The trial was to a jury, but the district court, at conclusion of the testimony, sustained a motion for an instructed verdict for appellee and entered judgment on such instructed verdict construing the will to give to appellant Mrs. Erwin only diamond rings and family pictures (which had already been delivered or tendered to her by appellee).

Appellants assigned eight points of error; those material to this dissent were, in substance, as follows: Point 8 complains of the trial court's excluding the testimony of Mrs. Roy Mahoney of declarations made by the deceased in the presence of appellee, her surviving husband, after the will was executed, to the effect that she had made

her will and left the home to her husband and all her personal property to her sister Mrs. Erwin; and point 5, error in applying the rule of ejusdem generis.

Appellee contends that paragraph (2) of the will is sufficient to show testatrix' intent to give to appellee all property other than two diamond rings, family pictures, purely wearing apparel and those items of the same class as these particular items; that is to say that the rule of ejusdem generis applies to the "her personal belongings" and "and other personal belongings" as used in the will; and excludes all classes of personal property other than the specific items named.

The material question is whether or not the will was ambiguous and needed extraneous evidence as to its meaning.

Appellants contend that because of the omission of the word "personal" between the words "real" and "mixed" in paragraph 2 of the will, the personal property of the deceased was not covered thereby; and, under the circumstances, the words "personal belongings," *used twice* in paragraph 3 of the will, were meant by the testatrix to cover all personal property; see Stevenson v. Record Pub. Co., Tex.Civ.App., 107 S.W.2d 462, 464; and if not, then the will was ambiguous and she was entitled to introduce evidence from the witness Mrs. Roy Mahoney as to declarations made by the deceased in the presence of appellee after the will was executed; that such was, in fact, her intention at the time she prepared the will.

While it is a rule in construing wills that every part of the will should be construed together, harmonized, and given effect if possible, and that the primary maxim in the construing of a will is to ascertain the testatrix' intention; that where the testatrix' intention can be ascertained from the will itself, such intention must be given effect; it is also a settled rule that where the intention of the testatrix, with reference to the items of property covered by the provisions of the will, is not clear from the terms of the will itself, evidence of the surrounding circumstances which might assist the court in ascertaining the intention of the testatrix is admissible and should be

888

admitted for such purpose. Russell v. Adams, Tex.Com.App., 299 S.W. 889, 894, syls. 4, 5, and 6. In that case the Commission of Appeals held: "We think the intention of the testator with reference to J. H. Bowman, Senior and Junior, is not clear from the terms of the will itself; that it was proper to introduce the surrounding circumstances in the case to assist in that way in construing the will. The lower courts found that the testator did not intend that this boy's debt should be a charge against his 100 acres. The record does not disclose any assignment attacking these findings. If that was the intention of the testator, then the lower courts should be affirmed."

If the will here is ambiguous, then the exclusion of the testimony of Mrs. Mahoney was error.

The use of the phrase "real, personal and mixed," when referring to all property, in a will, is common practice. Verhalen v. Klein, Tex.Civ.App., 268 S.W. 975; 3 Stayton's Annotated Texas Forms, p. 983, sec. 4461, "A Joint and Mutual Will."

"Real" property has a distinct meaning in law, well known to laymen and unnecessary here to again define. "Mixed" property has a meaning in law, but not so well known to laymen. It refers to property which is neither wholly "real" nor wholly "personal," but which is a compound of both,—such as emblements, leases for years, fixtures attached to the realty, charters, deeds, tombstones, pennants and other ensigns, coats of arms, heirlooms, etc. It has never been held to include "personal" property generally. 27 Words and Phrases, Perm.Ed., page 407; In re Scheiner's Will, 215 Iowa 1101, 247 N.W. 532. "Personal" property also has a meaning well known to laymen. It is movable, unattached property. Blackstone defines it as composed of property in possession and property in action. Laymen ordinarily consider it any property other than real estate. The term "personal belongings" has been defined and construed in a number of cases to mean "personal property" when, in considering the will as a whole, it is apparent such was the intent of the testator. Ford's Adm'r v. Wade's Adm'r, 242 Ky. 18, 45 S.

W.2d 818, 819, also reported in 80 A.L.R. 936, where a general annotation may be found. The main case states: "The definition of the noun 'belongings,' as given in 7 C.J. 1043, is 'goods or effects,' and we have seen that courts generally construe the word 'goods' as sufficiently comprehensive to include at least all personal property of the testator, and some courts adjudge it to embrace real property also; while we, in the Dickson Case, supra [Dickson v. Dickson, 180 Ky. 423, 202 S.W. 891, L.R.A. 1918F, 765], gave the same comprehensive application to the word 'effects.'" See, also, 5 Words and Phrases, Perm.Ed., Belongings, page 305.

Ejusdem generis means "Of the same kind, class, or nature. * * * The rule, however, does not necessarily require that the general provision be limited in its scope to the identical things specifically named. * * * The maxim 'ejusdem generis,' is only an illustration of the broader maxim, 'noscitur a sociis.'" Noscitur a sociis is defined: "It is known from its associates. * * * The meaning of a word is or may be known from the accompanying words. * * * Under this rule general and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are restricted to a sense analogous to less general. * * * Nonscitur ex socio, qui non cognoscitur ex se. * * * He who cannot be known from himself may be known from himself may be known from his associate." Black's Law Dictionary, pp. 645 and 1256.

This rule is not a general rule applicable in all cases. In Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 804, 127 A.L.R. 1217, our Supreme Court adopted the opinion of Judge Smedley, then Commissioner, which held: " * * * the rule is generally thus stated: 'General words following particular words, will not include things of a superior class'. (Citing authorities.) By the same authorities attention is directed to the fact that the rule of ejusdem generis is merely a rule of construction, an aid to interpretation when the intention is not otherwise apparent." (Emphasis mine.)

From the will (paragraph 2) we find that the survivor takes " * * * all property, of every kind and description, *real or mixed,* wherever situated * * *." This is qualified, however, by paragraph 3, which provides that if Mrs. Steele, the deceased testatrix, should die first, then Mrs. Edward Erwin, her sister, inherits " * * * *her personal belongings,* such as two diamond rings, family pictures *and other personal belongings.*" (Emphasis mine.)

If the omission of the word "personal" between the words "real" and "mixed" was intentional, then there would be no question that paragraph 3 would cover all personal property of deceased (her one-half interest in all community personal property). If not, then the rule of ejusdem generis would probably apply in paragraph 3 and limit appellants' recovery to items of personal belongings in the same class as two diamond rings and family pictures.

The words "real property" and "personal property" are generally understood by laymen, each term having a definite meaning.

The term "mixed property" *is not so* generally known or used by laymen; and, when used by laymen, is presumed to be used in its legal sense.

The word "belongings" is a word in general use by laymen; and to them, when used with reference to property, means "their belongings" or "property belonging to them."

"Belongings" is defined in New Century Dictionary as follows: "n. Something that belongs; pl., possessions; appurtenances." When used with the word "personal" in a will, as here, "personal belongings" means those belongings which consist of personal property.

In construing the will here: Did the testatrix mean by "personal belongings" all her personal property, or did she mean to limit such "personal belongings" to items such as diamond rings and family pictures?

Construing the will as a whole, to ascertain the intention of the testatrix, the writer is of the opinion that since "personal" property was left out of the clause covering "real" and "mixed" property, and the words "personal belongings" used twice,— both before and after "rings" and "pictures," the testatrix intended that "personal belongings" should cover all her personal property; and, therefore, the rule of ejusdem generis does not apply; but he is reluctant to say, since a majority of this court has reached an opposite opinion, that the same is absolutely so. He therefore concludes that the will is ambiguous on this question, that there was a question of fact for the jury, and, therefore, the testimony of Mrs. Roy Mahoney (a sister-in-law of the deceased) was admissible to show the testatrix' intention, as expressed by testatrix in the presence of her husband (appellee) prior to her death; and that the exclusion of such testimony was reversible error.

It may also be noted that the sister-in-law was neither an interested party nor a necessary party, under Art. 3716, Vernon's Ann.Civ.St., Mitchell v. Deane, Tex.Com. App., 10 S.W.2d 717; see Note in 7 Texas Law Review 653.

From what has been said, the writer is of the opinion that the judgment below should be reversed and the cause remanded to the district court for a new trial.