

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 23, 1968

Honorable Homer Garrison, Jr.
Director, Texas Department
 of Public Safety
5805 North Lamar Blvd.
Austin, Texas 78751

Opinion No. M-221

Re: Whether Section 36 of
 Article V of Senate
 Bill 15, Acts 60th
 Leg., 1967, Chapter
 784, page 2319, au-
 thorizes the Texas
 Department of Public
 Safety to pay a com-
 mercial transporta-
 tion company to move
 a house-trailer and
 all the personal be-
 longings of a patrol-
 man transferred to
 another duty station
 when state-owned equip-
 ment is not available.

Dear Mr. Garrison:

By recent letter you have requested our opin-
ion in reference to the captioned matter. We quote
from your letter as follows:

". . .

"We would like your opinion as to
whether the Texas Department of Public
Safety can pay a commercial transportation
company to move the house-trailer, includ-
ing all of the household goods and personal
effects, of a single DPS patrolman trans-
ferred from one station to another where
state-owned equipment for such movement
is not available."

Section 36 of Article V of Senate Bill 15,
Acts 60th Legislature, 1967, Chapter 784, pages 2319-

-1060-

2320, (the General Appropriation Bill), is quoted as follows:

"None of the moneys appropriated in this Act may be expended for paying expenses of moving the household goods or other property or personal effects of officers or employees, provided however, that the Texas Employment Commission, Highway Department, Liquor Control Board, Parks and Wildlife Department, Railroad Commission, Department of Public Safety, Water Development Board, and other agencies when specifically granted such authority by this Act, are authorized to pay costs of transporting and delivering only in State-owned equipment the household goods and effects of employees transferred by the named departments from one permanent station to another, when in the judgment of the department, the best interest of the state will be served by such transfer.

"It is further provided that in the event state-owned equipment is not available, and to avoid imposing the hardship of an employee working in one location while his family and personal belongings are located elsewhere, the above authority may be extended to include the use of a commercial transportation company for the moving of the employees household goods and other personal effects. Such state agencies may not utilize state funds for such purposes except upon presentation by the officer or employee of a bona fide receipt of payment for services rendered from a commercial transportation company.

"State agencies which are specifically authorized to use funds appropriated in this Act to move the household goods or personal effects of officials or employees transferred

by official order to new permanent duty
stations at State expense, shall file a
report of such moves with the Legislative
Budget Board by November 1, 1967. Such
report is to cover the preceding fiscal
year and include the number of such of-
ficial transfers made, the employees'
names and position titles, distances
involved, and the detail of all expen-
ditures for such transfers. It is spe-
cifically provided that the authority
granted by this section shall not extend
to new employees."

The Texas Department of Public Safety is
specifically given authority to pay the costs of trans-
porting and moving an employee's household goods and
effects from one permanent duty station to another
in State-owned equipment when the Department deter-
mines it will be in the best interest of the State.

Additionally, your Department is authorized
to utilize funds appropriated in Senate Bill 15, to
reimburse an employee who pays a commercial transpor-
tation company to move the employee's household goods
and other personal effects from one permanent duty
station to another, if there is no State-owned equip-
ment available for the move, and such a move will
avoid imposing a hardship on the employee by having
his work at one location and his home in another.

A trailer-house is generally considered per-
sonal property and would fall into the category of per-
sonal belongings or personal effects referred to in
Section 36 of Article V. cf. Erwin v. Steele, 228
S.W.2d 882 (Tex.Civ.App. 1950, error ref. n.r.e.).

Therefore, it is our opinion that if the
patrolman in question is being transferred from one
permanent duty station to another and no State-owned
equipment is available for the move, and such move
would impose a hardship upon the patrolman to work
at his new station while his place of residence or
home is at the old duty station, then the Department

may pay a commercial transportation company to move his household goods and other personal effects.

S U M M A R Y

Section 36 of Article V of Senate Bill 15, Acts of 60th Legislature, 1967, Chapter 784, pages 2319 and 2320 authorizes the Texas Department of Public Safety to utilize funds appropriated therein, to reimburse an employee who pays a commercial transportation company to move a housetrailer, household goods and other personal effects of a patrolman to another permanent duty station when State-owned equipment is not available for the move.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
Malcolm Quick
Thomas Mack
Linward Shivers

A. J. CARUBBI, JR.
Executive Assistant