

# The Attorney General of Texas

August 14, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas   78774

Mr. James Hambleton
Director
State Law Library
P. O. Box 12367, Capitol Station
Austin, Texas   78711

Opinion No.   JM-337

Re:  Whether a state employee is
entitled to paternity leave

Gentlemen:

You inquire whether the General Appropriations Act entitles male employees to paternity leave.

Mr. Bullock asks the following questions:

   1.  Does the General Appropriations Act entitle male employees to six weeks pregnancy leave?

   2.  Does the Pregnancy Discrimination Act contained in Title VII of the Civil Rights Act of 1964 require me to grant male employees six weeks of pregnancy leave?

Mr. Hambleton inquires about the interpretation of sick leave provisions found in article V, section 8 of the General Appropriations Act for 1983–85.  He asks:

   1.  May a male take sick leave under 8.c. when his partner is pregnant?

   2.  If a male wanted to take some 'paternity leave' (leave without pay) under sections 8.g. and 8.m., would that male employee exhaust sick leave as well as vacation leave before going on leave without pay?

Mr. Hambleton also asks us to address the question of maternity or paternity leave for adoptive parents.

We will address Mr. Bullock's first question.

The relevant sick leave provisions in the General Appropriations Act are as follows:

> c. Employees of the state shall, without deduction in salary, be entitled to sick leave subject to the following conditions:
>
> . . . .
>
> Sick leave with pay may be taken when sickness, injury, or pregnancy and confinement prevent the employee's performance of duty or when a member of his immediate family is actually ill. For purposes relating to regular sick leave, immediate family is defined as those individuals related by kinship, adoption or marriage who are living in the same household or if not in the same household are totally dependent upon the employee for personal care or services on a continuing basis. An employee who must be absent from duty because of illness shall notify his supervisor or cause him to be notified of that fact at the earliest practicable time.
>
> . . . .
>
> g. Employees taking leave due to pregnancy shall be entitled to an absence of six weeks after the date of delivery. Leave without pay shall be authorized, subject to the provisions of Article V, Section 8.a. of this Act, as needed to enable this six weeks absence after delivery. The administrative head or heads of agencies may not require that a pregnant employee take the full six weeks. After taking this six weeks absence, the administrative head or heads of an agency may authorize an additional reasonable period of time for pregnancy leave without pay on an individual basis after a review of the merits of each particular case, and subject to the same requirements to exhaust accumulated paid leave as outlined above in this section.
>
> . . . .
>
> j. The State Auditor shall provide a uniform interpretation of the provisions herein contained

on employee vacations and leaves, and shall report
to the governor and the Legislature any exceptions
practiced by the various entities of the state
government.

. . . .

m. Agencies may grant employees leave without
pay or leave of absence without pay subject to the
following provisions:

(1) All accumulated paid leave entitlements
must be exhausted before granting such leaves,
with the additional provision that sick leave must
be exhausted only in those cases where the
employee is eligible to take sick leave, as
provided in Section 8.c. above.

(2) Such leaves will be limited in duration to
twelve (12) months.

(3) Subject to fiscal constraints, approval of
such leaves constitutes a guarantee of employment
for a specified period of time.

(4) The administrative head of an agency may
grant exceptions to these limitations for such
reasons as interagency agreements or educational
purposes. (Emphasis added).

General Appropriations Act, Acts 1983, 68th Leg., ch. 1095, art. V,
§8, at 6204-07.

Section 8g establishes the pregnancy leave entitlement of a
pregnant employee. See Attorney General Opinion H-1036 (1977). The
first sentence refers to "[e]mployees taking leave due to pregnancy"
and, read in isolation, might suggest that an employee could take
leave due to the pregnancy of another person. However, elsewhere,
section 8g refers to "a pregnant employee" in stating the terms of the
leave entitlement. The legislature used the phrase "pregnant
employee[s]" interchangeably with "[e]mployees taking leave due to
pregnancy." Moreover, the state auditor's office, which is respon-
sible for giving a uniform interpretation of the leave provision, has
pointed out with respect to the provision for six weeks' leave after
delivery that the final postpartum medical exam usually is scheduled
for six weeks after delivery. See J.A. Pritchard & P.C. MacDonald,
Williams Obstetrics, 457 (16th ed. 1980). H.R. Rep. No. 948, 95th
Cong., 2d Sess. 5 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News
4749, 4753 (testimony that in 95% of cases, time lost from work due to

pregnancy is 6 weeks or less). The length of the pregnancy leave entitlement reflects its purpose: to allow the pregnant employee a reasonable time to recover physically from childbirth before returning to work. We conclude that the pregnancy leave provision in article V, section 8a of the General Appropriations Act does not entitle male employees to take six weeks' pregnancy leave.

We will next address Mr. Hambleton's first question -- whether a male may take sick leave under section 8c when his partner is pregnant. Article V, section 8c of the General Appropriations Act authorizes employees to take sick leave

> when sickness, injury, or pregnancy and confine-
> ment prevent the employee's performance of duty or
> when a member of his immediate family is actually
> ill. (Emphasis added).

State employees may use sick leave when they are unable to perform their duties because of sickness, injury, or pregnancy and confinement or when a member of the employee's immediate family is "actually ill." The circumstances under which an employee may use sick leave when a family member is ill are suggested by the following language of section 8c:

> For purposes relating to regular sick leave,
> immediate family is defined as those individuals
> related by kinship, adoption or marriage who are
> living in the same household or if not in the same
> household are totally dependent upon the employee
> for personal care or services on a continuing
> basis. (Emphasis added).

A state employee may, in our opinion, take sick leave under section 8c to take care of an immediate family member who is so ill he cannot take care of himself. An employee's minor children, toward whom he has legal duties of care, will ordinarily reside in his household. See Family Code §12.04. Other immediate family members residing in his household would probably look to him for care and assistance if so ill as to be unable to take care of themselves. The "immediate family" member not residing in his household must be totally dependent on the employee for personal care or services. This requirement also strongly suggests the legislature's intent that state employees be allowed to use sick leave to provide care for relatives too ill to take care of themselves.

In our opinion, the requirement that the employee's family member be "actually ill" does not automatically exclude conditions attribut-able to pregnancy, childbirth, or postpartum recovery. A Texas court has said that childbirth is not "a disease, deformity or injury,"

within the prohibition against practicing medicine without a license. Banti v. State, 289 S.W.2d 244 (Tex. Crim. App. 1956). See V.T.C.S. art. 4495b, §§1.03(8), 3.07(a) (prohibition against unlicensed practice of medicine); V.T.C.S. art. 4512i (regulation of lay midwives).

The General Appropriations Act provision, however, uses the term "ill," which has been defined as follows:

> affected with some ailment: indisposed: not being in good health: ailing, unusually sick. . . .

Webster's New International Dictionary, 1126 (3rd ed. 1961) (words in capitals changed to lower case). This word does not have a narrow, technical meaning, and the dictionary definition surely can include ailments and indispositions associated with pregnancy. When a symptom or complication of pregnancy, childbirth, or postpartum recovery causes an employee's immediate family member to be so ill as to need the care and services of another person, the employee may use his sick leave to take care of her. Applications to use sick leave for this purpose should be evaluated on a case-by-case basis.

Mr. Hambleton's second question concerns whether a male employee who takes unpaid "paternity leave" under sections 8g and 8m must exhaust sick leave and vacation leave before going on leave without pay. We have determined in answer to Mr. Bullock's first question that the section 8g pregnancy leave is provided for pregnant employees and does not entitle male employees to take paternity leave.

Article V, section 8m of the General Appropriations Act allows agencies to grant unpaid leave under stated conditions. The following conditions are particularly relevant to your question:

> (1) All accumulated paid leave entitlements must be exhausted before granting such leaves, with the additional provision that sick leave must be exhausted only in those cases where the employee is eligible to take sick leave, as provided in Section 8.c. above.
>
> . . . .
>
> (4) The administrative head of an agency may grant exceptions to these limitations for such reasons as interagency agreements or educational purposes.

Section 8m(1) provides for exhaustion of paid leave entitlements before receiving unpaid leave. Sick leave need be exhausted only when the employee seeks unpaid leave for reasons that would entitle him to use sick leave under section 8c.

The agency head may except an employee from the requirement that he exhaust unpaid leave "for such reason as interagency agreements or educational purposes." General Appropriations Act, supra, at art. V, §8m(4), at 6207. These stated reasons exemplify purposes for which the agency head may allow exemptions; they do not list the purposes exhaustively. See generally, Ervin v. Steele, 228 S.W.2d 882, 885 (Tex. Civ. App. - Dallas 1950, writ ref'd n.r.e.).

The term "paternity leave" does not state the reasons for seeking leave specifically enough to enable us to apply section 8m(4) to your question. "Paternity leave" might encompass leave so the employee can provide childcare as the exclusive caretaker, or to enable him to spend extra time with his family. Individual requests for "paternity leave" should be evaluated on a case-by-case basis, subject to any interpretations by the state auditor. See General Appropriations Act, Acts 1983, 68th Leg., ch. 1095, art. V, §8j, at 6206.

You also inquire about maternity and paternity leave for adoptive parents. The General Appropriations Act provisions do not directly address this question. We have concluded that the legislature authorized pregnancy leave under section 8g to allow the employee time to recover from childbirth and that this provision applies only to the pregnant employees. Leave under section 8g is therefore not available for an employee who becomes a parent by adoption. Such persons could apply for leave under section 8m of article V. But see General Appropriations Act, Acts 1985, 69th Leg., ch. ___, art. V, §8f, at 38 (leave provision for adoption of a child under three years of age).

Comptroller Bullock asks whether the Pregnancy Discrimination Act contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. (1982), requires him to grant male employees six weeks of pregnancy leave.

Section 2000e-2 of Title 42 U.S.C. provides as follows:

(a)  Employer practices

It shall be an unlawful employment practice for an employer —

(1)  to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

> employment, because of such individual's race,
> color, religion, sex or national origin; or. . . .

The Pregnancy Discrimination Act of 1978 added the following
definition to the 1964 Civil Rights Act:

> (k) The terms 'because of sex' or 'on the
> basis of sex' include, but are not limited to,
> because of or on the basis of pregnancy, child-
> birth, or related medical conditions; and women
> affected by pregnancy, childbirth, or related
> medical conditions shall be treated the same for
> all employment-related purposes, including receipt
> of benefits under fringe benefit programs, as
> other persons not so affected but similar in their
> ability or inability to work. . . .

42 U.S.C. §2000e(K) (1982).  Congress enacted this provision to
overrule the Supreme Court decision in General Electric Co. v.
Gilbert, 429 U.S. 125 (1976); see H.R. Rep. No. 948, 95th Cong., 2d
Sess., supra.  Gilbert held that the exclusion of pregnancy coverage
from California's disability insurance plan did not constitute
sex-based employment discrimination under Title VII of the 1964 Civil
Rights Act.  Mr. Bullock raises the applicability of the 1978
amendment to male employees who become parents -- whether they are
entitled to the same leave rights as pregnant employees.

The Pregnancy Discrimination Act requires that women disabled due
to pregnancy, childbirth, or other related medical conditions be
provided the same benefits as those provided other workers disabled by
other medical conditions under any sick leave plan available in
connection with employment.  29 C.F.R. §1604.10(b) (1984); H.R. Rep.
No. 948, supra, at 5.  No regulation or case suggests that a male
worker should be entitled to leave on account of his wife's pregnancy
on the same terms that a female worker receives leave for her own
pregnancy.  The six weeks' leave allows the female worker to recover
from the disabilities of her pregnancy and delivery.  The 1978
amendment does not entitle male employees to leave to recover from
another person's disability.  Section 2000e(k) states that

> women affected by pregnancy, childbirth, or
> related medical conditions shall be treated the
> same for all employment-related purposes,
> including receipt of benefits under fringe benefit
> programs, as other persons not so affected. . . .

The House Report on the 1978 amendment states that

the bill is intended to be limited to effects upon
the woman who is herself pregnant, bearing a
child, or has a related medical condition, and not
to include any effect upon one woman due to the
pregnancy of another.

H.R. Rep. No. 948 supra, at 5.

The Supreme Court has held that a dependant health insurance plan
violated Title VII because it gave less complete hospitalization
benefits for pregnancies of employee's spouses than it did for other
spousal disabilities. Newport News Shipbuilding & Dry Dock v. EEOC,
462 U.S. 669, 77 L.Ed.2d 89 (1983). In the words of the Court of
Appeals, under the employee's plan, "a male employee receives less
complete coverage of spousal disabilities than does a female
employee." Newport News Shipbuilding & Dry Dock v. EEOC, 667 F.2d
448, 449 (4th Cir. 1982) (quoted in Supreme Court opinion, 462 U.S. at
673). The discrimination against female spouses in providing fringe
benefits constitutes sex discrimination against male employees
prohibited by Title VII. 462 U.S., at 684.

The Newport News case does not support a claim that male
employees receive paternity leave. The discrimination found in that
case related to the health insurance benefits available to a male
employee on account of his wife's pregnancy. As the court pointed
out, an employer need not provide dependant medical coverage at all.
462 U.S., at 684, n. 25. The state of Texas provides, and can
provide, leave of absence from work only to its employees. It cannot
provide such benefits to employees' spouses who are not themselves
employed by the state. Thus, the state's leave of absence provisions
include no dependant benefits analagous to those at issue in Newport
News. The 1964 Civil Rights Act does not require state agencies to
provide six weeks "paternity leave" to male employees.

## SUMMARY

Article V, section 8g of the 1983 General
Appropriations Act does not entitle male employees
to six weeks' paternity leave following the birth
of a child. The Pregnancy Discrimination Act of
1978, 42 U.S.C. §2000e(k), 2000e-2 (1982), does
not require state agencies to grant male employees
such leave.

A male employee may take sick leave under
article V, section 8c of the Appropriations Act
when a member of his immediate family, as defined
in that provision, is so disabled due to pregnancy
or childbirth as to need the care of another

person. Applications for sick leave for this purpose should be evaluated on a case-by-case basis. If a male seeks to take unpaid sick leave under article V, section 8m of the Appropriations Act, he must first exhaust his vacation leave. Whether he must first exhaust his sick leave is to be determined in accordance with article V, section 8m(1). The Appropriations Act does not address the question of maternity and paternity leave for employees who become parents by adoption.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk