ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 24, 2007

The Honorable Rob Baiamonte
Goliad County Attorney
Post Office Box 24
Goliad, Texas 77963

Opinion No. GA-0542

Re: Whether abandoned vehicles seized by the county sheriff must be disposed of pursuant to Transportation Code chapter 683 or Code of Criminal Procedure article 18.17 (RQ-0549-GA)

Dear Mr. Baiamonte:

You ask about the proper disposition of abandoned vehicles seized by the Goliad County Sheriff (the "Sheriff").[1] You inform us that undocumented persons traveling by motor vehicle through Goliad County, Texas, when stopped by law enforcement officers, "often times . . . run[] out of the vehicle into the brush, never to be seen again, [and] meanwhile the vehicle is abandoned on the side of the road." Request Letter, *supra* note 1, at 1.[2] The Sheriff "immediately hauls the vehicle down to his yard" for health and safety reasons and, after attempting to notify the vehicles' owners, sells the vehicles at an auction or retains them pursuant to chapter 683 of the Transportation Code, which authorizes the disposition of abandoned motor vehicles. *Id.*; Brief, *supra* note 1, at 1; *see* TEX. TRANSP. CODE ANN. §§ 683.001–.016 (Vernon 1999 & Supp. 2006). More recently, the Sheriff has loaned the retained vehicles to other county departments, such as the commissioners court, emergency management, the county extension office, and the courthouse maintenance department. *See* Request Letter, *supra* note 1, at 1.

You initially ask whether the seized vehicles must be disposed of pursuant to Transportation Code chapter 683 or pursuant to Code of Criminal Procedure article 18.17, which authorizes the disposition of seized unclaimed or abandoned personal property. *Id.* at 2; *see* TEX. CODE CRIM. PROC. ANN. art. 18.17 (Vernon 2005). You suggest that article 18.17 governs the disposition of these vehicles. *See* Brief, *supra* note 1, at 1. But if we conclude that chapter 683 is the governing

---

[1]*See* Letter from Honorable Rob Baiamonte, Goliad County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Oct. 20, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Brief from Honorable Rob Baiamonte, Goliad County Attorney, at 1–2 (attached to Request Letter) [hereinafter Brief].

[2]You do not inform us why the vehicles are stopped. *See* Request Letter, *supra* note 1, at 1–2.

statute, you ask three additional questions related to vehicle use and disposition under that statute.[3] *See* Request Letter, *supra* note 1, at 2.

## I.      Transportation Code Chapter 683

We first consider chapter 683 of the Transportation Code. Chapter 683 authorizes a law enforcement agency to "take into custody an abandoned motor vehicle . . . found on public or private property" and to dispose of it. TEX. TRANSP. CODE ANN. §§ 683.011 (custody), 683.014 (auction or use) (Vernon Supp. 2006). For the purposes of chapter 683, a "law enforcement agency" includes "a sheriff or a constable." *Id.* § 683.001(3)(D). If an owner or a lienholder does not claim the vehicle after notice is given regarding the abandoned vehicle, "the law enforcement agency may sell the item at a public auction, transfer the item, if a watercraft, [to the Parks and Wildlife Department], or use the item as provided by Section 683.016." *Id.* § 683.014(a)(2); *see id.* § 683.012 (providing for notice). Under section 683.016, the law enforcement agency that takes the unclaimed abandoned vehicle into custody "may use the vehicle for agency purposes" and "shall auction the vehicle . . . if the agency discontinues use of the vehicle." *Id.* § 683.016(a)–(b).

By its terms, chapter 683 authorizes law enforcement officers to take into custody only "abandoned vehicles." *See id.* § 683.011; *see also McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003) ("If the statutory language is unambiguous, we will interpret the statute according to its plain meaning."). Section 683.002 specifically defines the class of motor vehicles that are abandoned for the purposes of the statute: A motor vehicle is abandoned if the vehicle

(1)  is inoperable, is more than five years old, and has been left unattended on public property for more than 48 hours;

(2)  *has remained illegally on public property for more than 48 hours*;

---

[3]Your three questions related specifically to Transportation Code chapter 683 are:

(1)  Can a vehicle retained by the Sheriff's Office under § 683.016 be put into service by another county department?

(2)  Is it sufficient when retaining an abandoned vehicle by law enforcement to fill in the TX DOT form "no sale, to be used for law enforcement purposes only as per Transportation Code [§] 683.034" or should the retained vehicle go through the auction and [be] purchased by the Sheriff's Department?

(3)  Are the proceeds from the Chapter 683 vehicle auction considered a "new source" by the Auditor pursuant to § 111.0108 of the Texas Local Government Code?

Request Letter, *supra* note 1, at 2.

> (3)  has remained on private property without the consent of the owner or person in charge of the property for more than 48 hours;
>
> (4)  *has been left unattended on the right-of-way of a designated county, state, or federal highway for more than 48 hours*;
>
> (5)  has been left unattended for more than 24 hours on the right-of-way of a turnpike project constructed and maintained by the Texas Turnpike Authority division of the Texas Department of Transportation or a controlled access highway; or
>
> (6)  is considered an abandoned motor vehicle under Section 644.153(r) [impounded commercial vehicles subject to administrative penalty].

TEX. TRANSP. CODE ANN. § 683.002(a) (Vernon Supp. 2006) (emphasis added). A vehicle that does not fall within the defined class under section 683.002 is not an abandoned motor vehicle for the purposes of chapter 683. *See id.*; *see also Old Am. County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004) ("[W]e presume that every word of a statute has been included or excluded for a reason . . . ."); *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006) (quoting *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003)) ("It is an elementary rule of construction that, when possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous.").

An abandoned motor vehicle subject to the statute, as relevant here, would be a vehicle remaining illegally on public property or left unattended for at least 48 hours. *See* TEX. TRANSP. CODE ANN. § 683.002(a)(2), (4) (Vernon Supp. 2006). The motor vehicles in question, however, are not left unattended for 48 hours. *See* Request Letter, *supra* note 1, at 1; Brief, *supra* note 1, at 1. Instead, for health and safety reasons, they are removed immediately after the occupants flee the vehicles when stopped by law enforcement officers. *See* Request Letter, *supra* note 1, at 1 ("Our Sheriff immediately hauls the vehicle down to his yard . . . ."); Brief, *supra* note 1, at 1 ("The Sheriff's position is [that] the vehicle is a health and safety issue and cannot remain there 48 hours[;] therefore he removes it immediately to his impound lot."). While chapter 683 leaves unaffected any other "law authorizing the immediate removal of a vehicle left on public property that is an obstruction to traffic[,]" it does not contain a health and safety exception to the abandoned vehicle criteria or authorize immediate removal of a vehicle for health and safety reasons. *See* TEX. TRANSP. CODE ANN. § 683.002(a) (Vernon Supp. 2006), § 683.003(b) (Vernon 1999). The motor vehicles in question therefore are not "abandoned" within the meaning of chapter 683, and the statute's disposition procedures do not apply to them.

## II.    Code of Criminal Procedure Article 18.17

We next consider article 18.17 of the Code of Criminal Procedure. This article provides in relevant part as follows:

> All unclaimed or abandoned personal property of every kind, other than contraband subject to forfeiture under Chapter 59 of this code . . . , seized by any peace officer in the State of Texas which is not held as evidence to be used in any pending case and has not been ordered destroyed or returned to the person entitled to possession of the same by a magistrate, which shall remain unclaimed for a period of 30 days shall be delivered for disposition to . . . the purchasing agent of the county in which the property was seized. . . . If [a] peace officer [other than a municipal peace officer] seizes the property, the peace officer shall deliver the property to the purchasing agent of the county. If the county has no purchasing agent, then such property shall be disposed of by the sheriff of the county.

TEX. CODE CRIM. PROC. ANN. art. 18.17(a) (Vernon 2005). The county purchasing agent or the sheriff must give notice stating that if the owner does not claim the property within 90 days of the notice date, the property will be disposed of and the proceeds, less the cost of maintenance and disposal of the property, placed in the county treasury. *See id.* art. 18.17(b) (mailed notice), (c) (published notice); *see also id.* art. 18.17(d) (sale to be preceded by 14-day notice), (i) (insufficient bid and reoffer).

But property scheduled for disposition under article 18.17 need not be sold. *See id.* art. 18.17(d). The "county law enforcement agency that originally seized the property may request and have the property converted to agency use." *Id.* art. 18.17(g). Additionally, the seizing agency "may transfer the property to another . . . county law enforcement agency for the use of that agency." *Id.*

We look at the prerequisites for the application of article 18.17 and consider whether they are met here. Initially, the seized motor vehicles in question are personal property as required by the statute. *See San Antonio Area Found. v. Lang,* 35 S.W.3d 636, 640 (Tex. 2000) (citing *Erwin v. Steele,* 228 S.W.2d 882, 885 (Tex. Civ. App.—Dallas 1950, writ ref'd n.r.e.)) ("Personal property is defined broadly to include everything that is subject to ownership not falling under the definition of real estate."). Additionally, the vehicles are not excluded from the application of the statute by virtue of their being held as evidence for use in a pending case or ordered to be destroyed or returned to the rightful owners or holders: You inform us that because "there is rarely an arrest in these cases[,] there are no charges brought and no evidence that needs to be held" and "no case is ever filed." Brief, *supra* note 1, at 1.

We cannot, however, determine as a matter of law that the seized vehicles meet the remaining two relevant statutory requirements. First, because article 18.17 is a criminal procedural statute, it necessarily governs the disposition of personal property seized by a peace officer in connection with the enforcement of the state's criminal laws. *See* TEX. CODE CRIM. PROC. ANN. art. 18.17(a) (Vernon 2005). The express purpose of the entirety of the Code of Criminal Procedure is to "govern all criminal proceedings" and to "embrace rules applicable to the prevention and prosecution of offenses against the laws of this State." *Id.* arts. 1.02, .03; *see also Curry v. Wilson,* 853 S.W.2d 40, 43 (Tex. Crim. App. 1993) (explaining that "criminal law matters" are "[d]isputes which arise over

the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution").[4] Second, article 18.17 excludes from its operation contraband that is disposed of pursuant to chapter 59 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.17(a) (Vernon 2005); *see also id.* art. 59.01(2) (Vernon 2006) (defining "contraband" generally as property (1) used in the commission of a first or second degree felony or (2) used or intended to be used in the commission of one of the offenses specifically listed in the definition).

You do not ask about or describe the circumstances surrounding the seizure of a particular vehicle. More importantly, whether a particular vehicle was seized in connection with the enforcement of the criminal laws and, relatedly, whether or not it is contraband raise questions of fact as to the offense or potential offense for which the vehicle was initially stopped or for which the occupants may be prosecuted. *Cf.* TEX. PENAL CODE ANN. § 1.03(a) (Vernon 2003) ("Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute."). This office does not find facts or resolve fact questions in the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."); GA-0106 (2003) at 7 ("This office cannot find facts or resolve fact questions in an attorney general opinion."). Thus, we can advise you only that the vehicles are subject to the disposition provisions of article 18.17 if they are (1) seized in connection with the enforcement of the state's criminal laws and (2) not contraband subject to disposition under Code of Criminal Procedure chapter 59.

## III.    Conclusion

In answer to your initial question, we conclude that Transportation Code chapter 683 does not apply to the disposition of the seized motor vehicles in question. The vehicles may be disposed of pursuant to Code of Criminal Procedure article 18.17 if they are (1) seized in connection with the enforcement of the state's criminal laws and (2) not contraband subject to disposition under Code of Criminal Procedure chapter 59. We do not answer your remaining three questions, which are predicated on a conclusion that Transportation Code chapter 683 governs the disposition of these motor vehicles.

---

[4]*See also* Tex. Att'y Gen. Op. Nos. C-649 (1966) at 2 ("Article 18.30 [predecessor to article 18.17] is a criminal procedural statute and would cover only such property as is seized in the course of criminal investigations or proceedings or when possession was obtained by a peace officer through some activity related to the enforcement of the penal code of this State."); C-585 (1966) at 4 (stating that the article 18.30 provision "should govern the disposition of all property coming into the possession of law enforcement officers in connection with the enforcement of criminal laws unless there is another special statute providing for disposition").

## S U M M A R Y

Transportation Code chapter 683 does not apply to the disposition of motor vehicles that a county sheriff seizes immediately after the occupants flee the vehicles when stopped by law enforcement. The seized motor vehicles, which are neither held as evidence in a pending case nor ordered to be destroyed or returned to the rightful owners, may be disposed of pursuant to Code of Criminal Procedure article 18.17 if they are (1) seized in connection with the enforcement of the state's criminal laws and (2) not contraband subject to disposition under Code of Criminal Procedure chapter 59.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee